Battle, J.
 

 It is unnecessary to consider all the objections ttrged by the defendants against the sufficiency of the bill of indictment, upon their motion to arrest the judgment. We think that it is fatally defective in not setting forth how the duty of keeping a public ferry, and transporting passengers, became imposed upon the defendants. A corporation, being the creature of the law, can acquire only such rights and incur such corresponding liabilities, as may be prescribed in the charter by which it was created.
 
 Head
 
 v.
 
 Providence Insurance Company, 2
 
 Cranch’s Rep., 127,—
 
 I he Trustees of Dartmouth College
 
 v.
 
 Woodward,
 
 4 Wheat. Rep., 518,—
 
 The Bank of the United States
 
 v.
 
 Dandridge,
 
 12 Wheat. Rep., 64. A Railroad Company, for instance, cannot become the owners of a ferry, unless a. power authorizing the purchase is expressly or by a necessary implication given to them ; and they cannot therefore, without such power, have the duty imposed upon them of keeping up such ferry. The bill then, ought to have stated how the defendants, under their charter, became the owners of the public ferry in question, which is an ordinary ferry, and not one necessarily connected with the railroad transportation, and thereby became subjected to the duty of transporting passengers across it.
 
 State
 
 v.
 
 Justices of Lenoir,
 
 4 Hawks’ Rep.,
 
 194,
 
 —State v. Commission
 
 ers of Halifax,
 
 4 Dev. Rep.,
 
 345,
 
 —State v.
 
 King,
 
 3 Ire. Rep.,
 
 411,
 
 —State v.
 
 Patton,
 
 4 Ire. Rep., 16. The indictment being defective in this particular, we must direct the judgment to be arrested, without adverting to the other grounds relied upon by the defendants ; and this opinion must be certified as the law directsi
 

 Per Curiam, Judgment affirmed.