# CHARLESTON.

## WILSON *v.* ROSS, COUNTY ASSESSOR.

Submitted January 15, 1895—Decided March 27, 1895.

1. LIQUOR LICENSE—TOWN COUNCIL.
    The act of February 24, 1869, amending the charter of the town of Ceredo, confers upon the council of that town the sole power to grant or not grant a state license for the sale of intoxicating liquors within the limits of said town.

2. LIQUOR LICENSE—TOWN COUNCIL—CONSTITUTIONAL LAW.
    Such act is not repugnant to the constitution of the state (see section forty six of article six, and section twenty four of article eight, of the state constitution), and such sole power to grant such license or not is recognized by section eleven of chapter thirty two of the Code as vested in the municipal authorities of such town.

J. S. MARCUM for plaintiff in error, cited Acts 1869, c. 52; Const. 1863, Art. VII, s. 4; 27 W. Va. 182; 33 W. Va. 146.

W. W. MARCUM and VINSON & THOMPSON for defendant in error, cited Acts 1869, c. 52; Const. 1863, Art. XI, s. 4; 27 W. Va. 182; 33 W. Va. 146.

HOLT, PRESIDENT:

Upon a writ of error to a judgment of the Circuit Court of Wayne county, rendered on the 6th day of June, 1894, awarding against appellant, J. M. Ross, as assessor of said county, a peremptory writ of *mandamus,* commanding him to deliver to the defendant in error, B. F. Wilson, a certificate and statement of the amount of the state tax assessed against the said Wilson as a retail liquor dealer.

The case was decided upon the facts as they appear by the pleadings.    The facts are in substance as follows:    On

the 22d day of May, 1894, the common council of the town of Ceredo granted to defendant, B. F. Wilson, a license to sell at retail spirituous liquors in the Millender Block, in that town; and thereupon he delivered to J. M. Ross, the assessor of the county, a copy of said order, and demanded a certificate of the license he wished to obtain, and the amount of taxes to be paid thereon to the state, but J. M. Ross, the assessor, refused to do so.

On Wilson's petition, an alternative writ of *mandamus* was awarded against Ross as assessor on the 31st day of May, 1894, reciting the foregoing facts, and the additional fact that under and by virtue of the laws of the state of West Virgina, and of the power thereby granted to the common council of the town of Ceredo, it has the sole right to grant permits for the sale of intoxicating liquors within its corporate limits.   To this Ross made answer admitting all the foregoing facts alleged, except the sole right as claimed on behalf of the common council of the town of Ceredo, and alleging that B. F. Wilson had not applied to and received from the County Court of Wayne county, in which was situated the town of Ceredo, an order authorizing the issuance to him of such license, and that said council did not have, under section 11 of chapter 32 of the Code, the sole power of granting such license.   On demurrer to said answer and return, the court held the same insufficient, and awarded the peremptory writ.

The question is, does the common council of the town of Ceredo have such sole power to grant such license?   The law upon the subject is as follows:   "No person without a state license therefor shall   *   *   *   *   sell   *   *   *   *   spirituous liquors, wine, porter, ale or beer, or any drink of a like nature."   See Code, c. 32, s. 1.   "The state license mentioned in the first section shall be issued only when authorized by the County Court of the county,   *   *   *   *   except that, where the act, occupation, or business for which such state license is necessary is to be done or carried on in an incorporated city, village, or town, the license shall be issued

only when authorized under the charter of said city, village, or town, by the council thereof." *Id.* s. 10.

The constitutional provisions on the subject are as follows: Section 46 of article 6 provides that "laws may be passed regulating or prohibiting the sale of intoxicating liquors within the limits of this state." Section 24 of article 8 provides that the County Courts shall also, under such regulations as may be prescribed by law, have the superintendence and administration of the internal police and fiscal affairs of their counties; provided, that no license for the sale of intoxicating liquors in any incorporated city, town or village shall be granted without the consent of the municipal authorities thereof first had and obtained.

These provisions were construed in the case of *Moundsville v. Fountain* (1885) 27 W. Va. 182, in which it was said (page 188) that the legislature may confer on the cities and towns the exclusive authority to regulate or prohibit the sale of liquors, which is understood to have been done in certain cases, the cities of Wheeling and Wellsburg for example.

Section 11, chapter 32, Code, 1891, p. 234, recognizes and provides for such cases, "wherein the municipal authorities are vested with the sole power of granting such license."

So that the sole question here is, is the town of Ceredo in such class? That is to be ascertained by reading its charter in connection with the general laws upon the subject. The charter was granted by act passed on the 23d day of February, 1866 (Acts, 1866, p. 40). Section 21 reads as follows: "When anything for which a state license is required is to be done within the said town the council may require a town license to be had for doing the same, and may impose a tax thereon for the use of the town, and the council may in any case require from the person so licensed a bond with sureties in such penalties and with such condition as it may determine." By act of the 24th of February, 1869, the above section was amended and re-enacted so as to read as follows: "When anything for which a state license is required is to be done within the limits of said town, the council may decide whether such license may be granted or not, and if

granted it shall be assessed and collected, the same as if granted by the supervisors of Wayne county; in addition to the state tax for such license, the council may require an additional tax for the use of the town, and in addition to the bond and sureties required by the state, the council may require such additional bonds and sureties as they may determine."

Do these acts invest the municipal authorities of the town of Ceredo with the sole power of granting such license? I can not see what other reasonable construction can be given them. The council is expressly given the power to grant or refuse such state license, and that such power does not need the sanction of the County Court is made plain by what immediately follows: "And if granted it shall be assessed and collected, the same as if granted by the supervisors of Wayne county;" by whom it was not granted, and need not be granted, being a plain and necessary inference. So, also, it is an inference from the authority given to take the bonds and sureties required by the state, and makes this construction still plainer by proceeding to say that, "in addition to the state tax for such license, the council may require an additional tax for the use of the town," and may require additional bonds to those required by the state. This charter, as amended, is older than the constitution of 1872, which for the first time gives an incorporated city, town and village a constitutional protection against the licensed sale of intoxicating liquors, without the consent of their municipal authorities, and was evidently designed to subserve the same purpose.

The question remains, has the charter of incorporation been modified in this regard by any subsequent law? for such municipal charter is not a contract, nor of the nature of contracts. Therefore it can not have the obligation of a contract, within the meaning of section 10, article I, of the constitution of the United States, and of section 4 of article III of the state constitution; and may be changed at pleasure, when the constitutional rights of creditors and others are not in-

vaded. 1 Dill. Mun. Corp. § 63 (36); *Dartmouth College v. Woodward* (1819) 4 Wheat. 518, 624, 708, 712.

Section 46 of article VI of the constitution provides that "laws may be passed regulating or prohibiting the sale of intoxicating liquors within this state." This provision, so far from restraining the power of the legislature to confer such power upon the town as to granting license, would seem to grant and confirm it; and subject to this provision, and under such regulations as may be prescribed by law, the County Courts shall have the superintendence and administration of the internal police and fiscal affairs of the counties. See *Moundsville v. Fountain,* 27 W. Va. 182, 187. Therefore it can not be said that the constitution of 1872 has taken away from the municipal authorities of the town of Ceredo the power to grant such state license. I have not been able to find any statute that expressly or by necessary implication takes away such power. On the contrary, section 11, chapter 32, Code. 1891 plainly recognizes the continued existence of such power as solely vested in the municipal authorities of the town in question.

This being so, the judgment complained of is right, and must be affirmed.