(COMMON LAW.)

## Boyd's *Lessee* v. Graves *et al.*

An agreement, by parol, between too proprietors of adjoining lands, to employ a surveyor to run the dividing line between them, and that it should be thus ascertained and settled, which was executed, and the line accordingly run and marked on a plat by the surveyor, in their presence, as the boundary, held to be conclusive in an action of ejectment, after a correspondent possession of 20 years by the parties, and those claiming under them respectively.

Such an agreement is not within the statute of frauds, as being a contract for the sale of lands, or any interest in or concerning them.

1819.

Boyd
v.
Graves.

Mr. Justice DUVALL delivered the opinion of the Court.

An action of ejectment was brought by Andrew Boyd against the defendants, in the Circuit Court for the District of Kentucky, on the 25th of November, 1814, for 2,000 acres of land in Fayette County, on the waters of Elkhorn creek. The patent bears date on the 3d of December, 1789, and was granted to Andrew Boyd, pursuant to a survey made, the 14th of July, 1774, on a warrant issued under the royal proclamation of 1763. This tract of land is contained within the courses and distances following: beginning at a buckeye and ash corner to John Carter's land, and in a line of William Phillips's land, and with the same southwest 374 poles, crossing a small branch to a hoopwood and sugar tree, and leaving said line S. E. 860 poles, crossing a branch to an elm and buckeye N. E. 374 poles, crossing a branch to a sugar tree and buckeye, thence N. W. 860 poles to the beginning.

The defendants claimed title under a patent granted to Elijah Craig, on the 7th of November, 1779, for 2,000 acres, on a warrant to John Carter, heir at law of Thomas Carter, in consideration of military services. The warrant was assigned to Craig. The courses and distances are the following: beginning at three large hoopwoods growing from one root, corner to William Phillips's land, and with a line thereof S. W. 374 poles, crossing two branches to a buckeye and ash on the bank, S. E. 860 poles, crossing a small creek to a sugar tree and buckeye, N. E. 374 poles, crossing three branches to an ash, hickory,

mulberry, and hoopwood, N. W. 860 poles to the first station.

These two tracts are adjacent to, and bind on each other. It is obvious that they were intended to present rectangular figures, and to contain equal quantities; but by satisfying the calls, the figures are irregular, and do not contain equal quantities.

The plaintiff in the Court below locates his pretensions on the plat returned in the cause, beginning at A, then to K, to L, to D, and to the beginning. And he locates Craig's patent, beginning at A, then to B, to C, to D, and to the beginning. The defendants locate it, beginning at A, then to B, to C, to E, and to the beginning. The land contained in the triangle A E D is the land in dispute.

The defendants, to support their location, offered evidence to prove, that the dividing line between Boyd and Craig being unascertained, the parties, by agreement, had it surveyed, for the purpose of establishing and settling the line between them; that, in the year 1793, it was run, in their presence, from A to E, as distinguished on the plat, and that it was mutually agreed to establish the corner at E, where a boundary was marked, by consent, E C and A B, and that the line from A to E should be the dividing line between them, and that possession had been since held accordingly. They also offered in evidence, a deed from Boyd and wife to William Hanback, bearing date the 14th of December, 1793, for 100 acres, part of the land granted to Boyd, beginning at the corner at E beforementioned, and binding on the line A E, regarding it as the dividing

line between Boyd and Craig; also a deed from Elijah Craig to John Whitesides, dated 12th of May, 1794, for 72 acres, part of Craig's patent, bounding also on the line A E as the dividing line between Boyd and Craig: and that all the other defendants, as purchasers, under Craig, held to the said line A E.

The defendant's counsel then moved the Court to instruct the jury, that if they found from the evidence, that, owing to the uncertainty of the line of said Boyd and Carter's military surveys, that the said Boyd and Elijah Craig, by mutual consent, surveyed and located their respective patents by making the line from A to E, and marking the corner at E, with the intent, (at the time,) positively expressed, to settle and ascertain the true boundary and dividing line between the tracts respectively claimed by them under their patents, and that the said line has been acquiesced in by the said parties, and possession held and taken accordingly, for more than 20 years before the commencement of this action, that they ought to find for the defendants: which instruction the Court gave, and to this opinion of the Court, the plaintiff, by his counsel, excepted; and the record of the proceedings was removed, by writ of error, to this Court, for their decision.

At the trial in the Court below, several other questions were propounded, and decided by the Court, and to which exceptions were taken, which it is not material to notice here, because, the decision of this Court on the question stated, will decide the controversy between the parties.

It appears, that in the year 1793, more than twenty years before the commencement of this action of ejectment, Boyd and Craig employed a surveyor to run the dividing line between them, and they mutually agreed, that it should be thus ascertained and settled. It was, accordingly, run as described, on the plat from A to E, and the corner at E was marked in their presence as the boundary between them. That possession has been held by each, and those claiming under them respectively, from that time to the present; and that each has sold parcels of land, bounding them on the line A E thus agreed on, regarding it as the established line between them. Hence, the question arises, whether the agreement made in 1793, although by parol, accompanied by correspondent possession for more than 20 years, is, or is not, conclusive against the plaintiff's right of recovery in this action?

This Court cannot consider the agreement of the parties, although by parol, to settle the dividing line between them by a surveyor, mutually employed, as affected by the statute of frauds, as is contended by the counsel for the plaintiff. It is not a contract for the sale or conveyance of lands. It has no ingredient of such a contract. There is no *quid pro quo :* and the Court do not consider it as a conveyance of title from one person to another. It was merely a submission of a matter of fact, to ascertain where the line would run on actual survey, beginning at a place admitted and acknowledged by the parties to be a boundary, where the line must begin. The possession subsequently held, and the acts of the parties

evidenced by their respective sales of parcels of the land held by each, under his patent, bounding on the agreed line, amount to a full and complete recognition of it; and in the opinion of this Court, precludes the plaintiff, after such a lapse of time, from denying it to be the dividing line between him and the defendants; and neither ought now to be permitted to disturb the possession of the other, under a pretence that the line was not correctly run.

Judgment affirmed.