Wood, J.
Section 3 of the act of incorporation under which this company has its legal capacity to receive tolTprovidos, “That the aforesaid company is hereby authorized to ask, demand, and receive from travelers and passengers that may cross the said- *110 bridge the following rates of toll, to wit: for every,foot-passenger, six and. one-fourth cents,” etc.
. Section 5 provides, “That the aforesaid company shall, previous to receiving toll, set up and keep, on each margin of said river, near the aforesaid bridge, a post and board, on which shall be printed or painted, in a conspicuous manner, the aforesaid rates of toll,” etc. 17 Ohio Local L. 18. No other parts of this statute are necessarily connected with our present inquiry. This company being a private corporation can exercise no power but such as are expressly given to it by its charter, or such as are necessary to carry into execution those powers conferred by express provision. A corporation is an artificial being, which exists only in legal contemplation. A mere creature of the law, it possesses only those attributes which the act creating it confers, or such as may be implied as essential to its existence. Dartmouth College v. Woodward, 4 Wheat. 518; Comm’rs Gallia Co. v. Holcomb, 7 Ohio, 232, pt. 2. The right to ask, demand, and receive toll is one of its enumerated powers, and as a necessary means to enable it to enjoy this franchise, the power to prevent any person from passing the bridge, liable to the exaction of toll, but refusing to make payment, must, from the necessity of the case, be implied in this corporation. Without this implication, the privileges granted could not with certainty be enjoyed; and it would seem to iollow, that any endeavor to pass the bridge without payment might legally be opposed with such reasonable force as would be necessary to prevent the act. But the defendants do n'ot ^appear to us [110 to exactly occupy this position. By the agreed case it will be seen that the plaintiff had passed the bridge before he was seized by the defendants, and his clothes were injured. Whatever force would be justified by the law to prevent the act, when the bridge was once passed by the plaintiff, the defendants had no other remedy than such as the law would give by action to recover the amount due for toll. The defendants, after the act was done, could not take the measure of justice into their own hands, nor would force to the plaintiff be then justifiable.
But aside from this view of the case, the charter imposes on the company, as a condition precedent to any right to receive toll, the obligation to keep up a board on each margin of the river, near the bridge, on which shall be printed or painted in a conspicuous manner, the rates of toll provided for in the act. Without this *111 obligation is performed, there is no legal capacity to demand, nor any legal right to receive toll, in the company. The agreed case shows there had been no full compliance with this provision, but a board on the west side of the river, and at the west end of the bridge only. It must not, however, be supposed that any casual interruption in keeping up the rates of toll, by violence or otherwise, and for a brief period, would deprive the company of any right, provided they had once performed the duty imposed by the act, and were guilty of no unreasonable delay in keeping within its provisions. Nor is it easily preceived what benefit a board posted up at the east end of the bridge would have been to the plaintiff, who entered the bridge at the west end. But it was, nevertheless, such a precedent condition as the legislature had the power to impose, and until complied with, the authority to demand toll was not vested in the company. Corporate.rights must be strictly construed, and this company received this charter on the condition of a compliance with its obligation; and if such obligations remained unperformed, and the company in its discretion threw open the bridge to the community, it-was a trespass in the defend-111] ant, Blickensderfer, *one of the corporators, to thus seize the plaintiff, for refusing to pay, and a trespass in the other defendants who acted by his direction, and under his authority. Judgment must therefore be entered on the verdict of the jury.
Judgment for the plaintiff.