CASE 34—PETITION ORDINARY—JULY 5.

# Hamilton vs. Keith, &c.

APPEAL FROM KENTON CIRCUIT COURT.

1. Acts of incorporation are contracts within the meaning of paragraph 1, section 10, article 1, United States Constitution, and section 20, article 13, Constitution of Kentucky. Laws impairing the obligation of such contracts *are unconstitutional* when the right to amend is not reserved in the act of incorporation, or by the general statute of February 14, 1856. (2 *Stanton*, 121.)

2. The act of February 16, 1869, repealing section 6 of the act of February 6, 1854, amending the charter of the Covington and Lexington Railroad Company, and establishing a tariff of way freights on said road, is held to be unconstitutional. No right of amend-

ment was reserved in the charter of said company. The repealed section six provided that the company might charge such rates of freight as shall be fixed by the directors. By an amendment to the charter the name of the company was changed to "The Kentucky Central Railroad Company."

3. The act of February 14, 1856 (2 *Stanton*, 121), "reserving power to amend or repeal charters and other laws," is prospective, and does not apply to charters theretofore granted; but, by consent of the stockholders, it might be made to apply to such corporations by acts amending such charters.

R. A. ATHY, and
RANKIN & HAMILTON,                          For Appellant,
                         CITED—

3 *Marshall*, 1 ; *The Frankfort Bank vs. Anderson.*

1 *Ohio State R.*, 563 ; *Debolt vs. Ohio Life Insurance and Trust Company.*

1 *Ohio State R.*, 591; *Mechanics and Traders' Bank of Ohio vs. Henry Debolt.*

1 *Ohio State R.*, 603 ; *Knoup vs. Piqua Branch, State Bank of Ohio.*

1 *Ohio State R.*, 622 ; *Toledo Bank vs. Bond.*

4 *Peters*, 168 ; *Beatty vs. Knowles' Lessee.*

11 *Peters*, 544, 50 ; *Charles River Bridge Company vs. Warren Bridge.*

1 *Duvall*, 374 ; *Arnold, &c., vs. Covington and Cincinnati Bridge Company.*

2 *Story on the Constitution, sec.* 1395.

*Act of February* 6, 1854, *sec.* 6.

*Act of February* 16, 1869 ; *Act of February* 14, 1856.

STEVENSON & MYERS,                          For Appellees,
                         CITED—

4 *Wheaton*, 518 ; *Dartmouth College vs. Woodward.*

9 *Cranch*, 88 ; *Fletcher vs. Peck.*

15 *B. Mon.*, 642, 692; *City of Louisville vs. University of Louisville.*

2 *Metcalfe*, 598 ; *Gregory's ex'r vs. Trustees of Shelby College.*

3 *Howard's U. S. R.*, 145 ; *Gordon vs. Appeal Tax.*

7 *Cranch*, 166 ; *New Jersey vs. Wilson.*

21 *Pick.*, 555 ; *Commonwealth vs. Farmers and Mechanics' Bank.*

3 *Bush*, 594 ; *Griffin vs. Kentucky Insurance Company.*

16 *Howard*, 381 ; *Piqua Bank vs. Knoup.*

18 *Howard*, 331 ; *Dodge vs. Woolsey.*

4 *Wallace*, 534 ; *Hoffman vs. City of Quincy.*

18 *B. Mon.*, 443 ; *Philips vs. Winslow.*

4 *Metcalfe*, 199 ; *Bardstown and Louisville Railroad Company vs. Metcalfe.*

32 *New Hamp.; Pierce vs. Embry.*

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

By section 6, act of February 6, 1854, "to amend the charter of the Covington and Lexington Railroad Company," "the rates of freight to be charged by said company shall be fixed by the directory, and may be by the ton, hundred, car, or specific article : *Provided*, When the charge shall be by the ton or barrel, the through rates shall not exceed three and one half mills per mile per one hundred pounds, nor one cent per mile per barrel, and other through rates in proportion."

And by another amendment of March 2, 1865, the said company was authorized to increase their legal rates twenty-five per cent. on freight and passengers from Covington to Lexington, and *vice versa.*

The name of said company was, by special enactment, also changed to "The Kentucky Central Railroad."

By an act of February 16, 1869, the sixth section of the amended charter of 1854 was repealed, and the tariff of way freights established, not to exceed, for fifty miles

or over, twenty-five per cent. per mile over the rates of through freights.

Hamilton tendered a lot of freight, and demanded its transportation by said company at the rates established by this last named act, which the company refused; whereupon he brought suit.

The company pleaded the said amended charter of 1854 in bar of this suit, denying the constitutional validity of its repeal by the act of 1869; to which answer plaintiff demurred, and which the court overruled: the only question for our revision being, whether said answer presented a bar to plaintiff's action; and this depends on the validity of said repealing statute of 1869.

The answer also sets out, that the road was not completed when the amendment of 1854 was enacted; that subsequent to its enactment, and pursuant to the powers conferred, the company borrowed large sums of money to complete the road, and mortgaged not only the property but the franchises of the company, and its subsequently-to-be-acquired property; and that a large amount of this bonded debt yet remains outstanding and still unpaid.

Charters and amendments thereto, granted by the Legislature and accepted by the stockholders, and by virtue and on the faith of which their means are invested in the enterprise, constitute a contract between the sovereign public power and the individual stockholders, protected by the inhibition found in paragraph 1, section 10, article 1, United States Constitution, that no State shall pass any "*law impairing the obligation of contracts;*" also found in section 20, article 13, of the new Constitution of Kentucky, being a part of the Bill of Rights: "That no *ex post facto* law, *nor any law impairing contracts, shall be made.*"

It has 'long since, by an unbroken current of decisions of the Supreme Court of the United States, been determined that such charters are contracts within the meaning of the United States Constitution, and withdrawn thereby from any impairment by State legislation, beginning with that able, searching, exhaustive, and unanswerable opinion by Chief Justice Marshall, in *Dartmouth College vs. Woodward et al.* (4 *Wheat.*, 518), and continued through *Fletcher vs. Peck, and Gordon vs. Appeal Tax* (3 *How.*, 145). As these were judicial expoundings of the Federal Constitution by the supreme arbiter, they are binding authority upon this court. But were they not so, this court has determined the same thing in *City of Louisville vs. University of Louisville* (15 *B. Mon.*, 642) ; *Gregory's executrix vs. Trustees of Shelby College* (2 *Met.*, 598). And there can be no doubt but such are equally within the recited prohibition and limitation upon legislative power found in the State Constitution.

This amended charter of 1854 became part of the contract, within the meaning both of the Federal and State Constitutions, before the general statute of February 14, 1856, 2 Stanton's Revised Statutes, 121, was enacted; and the power therein declared to alter or modify all charters or amendment subsequently granted to companies, unless the act of incorporation shall expressly otherwise provide, is inapplicable by its terms ; for it provides that this is only to be applicable to future granted charters or amendments ; so that, even by its own provisions, it could not apply to this amended charter of 1854; whilst, therefore, this general act has heretofore been construed as entering into all future granted charters and amendments, unless otherwise provided, and reserving the power of amendment and modifica-

tion, yet no such power could be provided for by subsequent legislation not specially accepted by the company.

It results, therefore, that the repealing statute of 1869 was wholly invalid, as conflicting with both the State and National Constitutions, and as impairing the contract existing between the State and these incorporators, so far as the charter and previous amendments thereto are concerned; but as to subsequent amendments which have been, or may hereafter be made and accepted, not expressly providing for non-modification, these are within the supervising control of the Legislature; and of course any subsequent amendment may provide that it shall only be accepted on condition that the whole charter and amendments thereto shall, in the future, be subject to legislative amendment and modification; but until such an amendment be accepted, the previous powers and franchises granted before the general statute of 1856 remain inviolate, secured from legislative impairment, both by the recited provisions of the United States and State Constitutions.

Wherefore, the judgment is affirmed.