# Avondale Land Co. *et al. v.* Shook, *et al.*

*Bill to Enjoin Abuses and Prevent Amendment to Charter.*

(Decided Jan. 14, 1911.   54 South. 268.)

1. *Constitutional Law; Obligation of Contract; Charter of Private Corporation.*—The charter of a private corporation is a contract within the meaning of article 1, section 10, Federal Constitution, so far as it is a contract between the state and the corporation, between the corporation and its stockholders and between the stockholders and the state.

2. *Same.*—The exercise of the power to amend, alter or revoke the charter of a corporation reserved by article 14, section 10, Constitution 1875, to the extent therein contemplated, is not an impairment of the obligation and contract created by such charter, in violation of article 1, section 10, of the Federal Constitution.

3. *Same; Charters; Power to Amend.*—The powers given by article 14, sections 1 and 10, Constitution 1875, to alter, revoke, etc., is restricted to amendments in which the state has a public interest, and does not authorize the making of a new charter or contract for the stockholders, and the legislature may not authorize a corporation by vote of the majority stockholders to amend its charter so as to create a new contract for the stockholders; hence, a corporation created subject to Constitution 1875, and prior to the enactment of section 3462, Code 1907, cannot without the consent of all the stockholders, amend its charter so as to create a new contract between the stockholders.

(Anderson and McClellan, JJ., dissent.)

[Avondale Land Co., et al. v. Shook, et al.]

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Alfred M. Shook and others against the Avondale Land Company and others, to correct certain abuses in the corporation, and to enjoin the stockholders from amending the charter. From a decree overruling demurrers to the bill interposed by certain of the respondents they appeal. Affirmed.

CABANISS & BOWIE, for appellant. The right to repeal or alter the charter of a corporation may be reserved by the state through a general provision in the Constitution of the state, or a general act of the Legislature applicable to all corporations, and every charter or general incorporation law enacted thereafter must be read as containing a reservation of the right to repeal or alter it at pleasure, no express provision to this effect being required.—Morawetz on Private Corp., § 1106; *Holyoke Co. v. Lyman,* 15 Wall. 500; *Railroad Co. v. Georgia,* 98 U. S. 365; *Chesapeake, etc., Ry. Co. v. Miller,* 114 U. S. 176; *M. & M. R. R. Co. v. Steiner,* 61 Ala. 559. If the alteration of the charter of a corporation is of such character that the state would have constitutional authority to impose it by virtue of its general power of legislation, such alteration may be sustained if enacted in the shape of a permission to offer to the majority of the corporators.—Morawetz on Private Corp. Secs. 1111 and 405, and cases cited under 405; *Commonwealth v. Cullen,* 53 Am. Dec. and note on page 469; Clark & Marshall on Private Corp., Sec. 275. The reserved right to alter or amend the charter of a corporation may be exercised by conferring upon the corporation additional powers which are merely auxiliary to the objects for which the corporation was originally created.—*Buffalo, etc., Ry. Co. v.*

[Avondale Land Co., et al. v. Shook, et al.]

*Dudley*, 14 N. Y. 336; *Durfee v. Old Colony & Fall River Ry. Co.*, 5 Allen 230; *Union Hotel Co. v. Herchee*, 79 N. Y. 454; *Curry v. Scott*, 54 Pa. St. 270; 10 Cyc. 212-213.

PERCY, BENNERS & BURR, for appellees. The charter of a private business corporation is not only a grant o fauthority from the sovereignty to exercise the powers conferred, but is also a contract between incorporators, prescribing the business in which their funds are to be invested and the terms upon which they are to be employed.—Morawetz on Private Corp., 2d Ed., vol. 1, Par. 316. In the absence of power reserved by the state at the time of the formation of a corporation, its charter cannot be amended except by the unanimous consent of the stockholders, so as to alter either the obligations of the company to the public or the rights of stockholders between themselves.— *Trustees of Dartmouth College v. Woodward*, 4 Wheaton. The power reserved under the Constitution of 1875 to alter, amend or repeal the general laws or special acts for the formation of corporations was a reservation to the state for the benefit of the public, to be exercised by the state only, and does not authorize the Legislature to empower a majority of the stockholders to change the contract of incorporation or object of the enterprise against the objection of any minority stockholder.—*Zabriskie v. The Hakensack and New York Railroad Company*, 18 N. J. Eq. Reports, p. 178; Morawetz on Private Corporations, 2d Ed. vol. 1, Secs. 404-5.

EVANS, J.—The bill in this case was filed by Alfred M. Shook, Edwin Warner, and Morris Adler, minority stockholders in the Avondale Land Company, a corporation organized in the year 1884 under the general

laws of the state of Alabama, as complainants, against said corporation and the majority stockholders, J. F. Leary, William M. Leary, and Robert C. Redus, as respondents. The bill was filed for two purposes: One, to correct certain abuses in the matter of excessive salaries which these majority stockholders had voted to themselves after having elected themselves to all the offices within the corporation, and the other was to enjoin said majority stockholders from amending the charter of said corporation in the manner determined upon by said majority stockholders. The respondents J. F. Leary, William M. Leary, and Robert C. Redus filed their demurrer to this bill, stating two grounds. The first ground attacked said bill for want of equity, and the second attacked that part of the bill which sought to enjoin them from amending the charter of said corporation. The chancellor overruled the demurrer, and from the decree overruling the demurrer the respondents appealed.

While there are three assignments of error, only the first assignment is insisted on in the brief of counsel for appellants. The first assignment of error is as follows: "(1) The chancery court erred in overruling the demurrer of said appellants to so much of the bill as sought to prevent the amendment of the charter of the Avondale Land Company as alleged in paragraph 4 of the bill." By abandoning the first ground of demurrer, the respondents admit (as indeed it could not well be questioned) the equity of the bill in so far as the question of salaries is concerned, and we are called upon to consider this one proposition, viz., Did the chancery court err in overruling the demurrer of appellants to so much of the bill as sought to prevent the amendment of the charter of the Avondale Land Company as alleged in paragraph 4 of the bill? Paragraph

4 of the bill of complaint is as follows: "Complainants further state that the Learys and Redus have announced their determination to amend the charter of the Avondale Land Company and have issued notice to the stockholders, a copy of which is hereto attached marked 'Exhibit E,' calling a special meeting of the stockholders of the Avondale Land Company at the office of Robert C. Redus on March 15, 1909. Complainants state that the Avondale Land Company was organized, as heretofore stated, in 1884, and that the charter of the company constituted the authority from the state to do business according to the terms of the charter, and constituted further a contract between the stockholders as to the terms on which they were to do business and their money was to be handled; that there was no right under the law as it existed at that time, and under which the Avondale Land Company was incorporated, to amend the charter of the company without the consent of all of its stockholders, and complainants state that while the present Code of Alabama purports to give the right to amend a charter of a corporation, in the manner therein stated, this right cannot be exercised so as to amend a charter of a pre-existing corporation contrary to the wishes of any stockholder, and complainants state that, in view of their abuse of the power which they now have, the minority stockholders are unwilling to trust the Learys and Redus with any further power, and that complainants object to the unlawful attempt to amend the charter of the Avondale Land Company." The prayer of the bill is as to this feature of the bill to enjoin said majority stockholders from making the contemplated amendment to the charter. Under the general laws of the state in force at the time of incorporating the Avondale Land Company— that is, in 1884—there was no power reserved to amend

the charter of such a corporation, nor was any power given to a majority of the stockholders to amend the same. There was, however, the power reserved in the Constitution of 1875 of the state of Alabama to alter, revoke, or amend the charter of private corporations. Upon the construction to be given the power thus reserved will depend the decision of the question now under consideration. .

Since the decision of the case of *Trustees of Dartmouth College v. Woodward,* 4 Wheat. 518, 4 L. Ed. 629, it has been fully recognized in this country that the charter of a private corporation is a contract within the meaning of and under the protection of that clause in the Constitution of the United States which provides that "no state shall * * * pass any * * * law impairing the obligations of contracts."—Section 10, art. 1, Const. U. S. But "the charter of a corporation having a capital stock is a contract between three parties, and forms the basis of three distinct contracts. The charter is a contract between the state and the corporation; second, it is a contract between the corporation and the stockholders; third, it is a contract between the stockholders and the state."—Cook on Corporations (6th Ed.) § 492. The charter is under the protection of said clause of the federal Constitution in all three of its aspects as a contract.

Such being the case, many, if not all, of the different states of the Union have protected themselves, as far as they thought necessary, from the effects of this provision in the federal Constitution by reserving in their Constitutions certain powers of altering, revoking, and amending the charters of private corporations thereafter to be organized under the general laws of such states or chartered by special act of the Legislatures of such states, so that such reserved power would enter

[Avondale Land Co., et al. v. Shook, et al.]

into and form a part of the charter contract. This was
done in the Constitution of 1875 of this state. The pow-
er to amend, alter, or revoke the charter thus being
made a part of the charter contract, the exercise of this
power by the state in the manner and to the extent con-
templated could not be considered as in violation of
said section 10 of article 1 of the Constitution of the
United States. Those who invest their money in such
a corporation do it with full knowledge of the power
which the state has reserved to alter, revoke, or amend
its charter, and contract with reference thereto. It
thus becomes part of the contract. In the case under
consideration the only authority which the majority
of the stockholders of the respondent the Avondale
Land Company can claim to have to amend the charter
of said corporation as set forth in the notice sent to
the stockholders against the protest of a minority stock-
holder must be derived from the power reserved by the
Constitution of Alabama of 1875 to alter, amend, or re-
peal the charters of private corporations having a cap-
ital stock. The two sections of said Constitution bear-
ing upon the question are sections 1 and 10 or article
14. Section 1 reads as follows: "Corporations may be
formed under general laws, but shall not be created by
special act, except for municipal, manufacturing, min-
ing, immigration, industrial, and educational purposes,
or for constructing canals, or improving navigable riv-
ers and harbors of this state, and in cases where, in the
judgment of the General Assembly, the objects of the
corporation cannot be attained under the general laws.
*All general laws and special acts passed pursuant to
this section may be altered, amended or repealed.*"
(Italics supplied.) Section 10 reads as follows: "The
General Assembly shall have the power to alter, revoke
or amend any charter of incorporation now existing

25—170

and revocable at the ratification of this Constitution, or any that may hereafter be created, whenever, in their opinion, it may be injurious to the citizens of the state; in such manner, however, that no injustice shall be done to the corporation. No law hereafter enacted shall create, renew, or extend the charter of more than one corporation." We quote with approval from Cook on Corporations (6th Ed.) § 501, the following: "The extent of the power of the Legislature to amend a charter, where it has reserved that power, is not yet fully settled, and is full of difficulties. There is a strong tendency in the decisions, and a tendency which is deserving of the highest commendation, to limit the power of the Legislature to amend a charter under this reserved power. It should be restricted to those amendments only in which the state has a public interest. *Any attempt to use this power of amendment for the purpose of authorizing a majority of the stockholders to force upon the minority a material change in the enterprise is contrary to law and the spirit of justice.* Under such reserved power the Legislature has only that right to amend the charter which it would have had in case the *Dartmouth College Case* had decided that the federal Constitution did not apply to corporate charters. In fact, the historical origin of this reservation of the right to amend was due to the effort of the various states of the Union to escape from the decisions in the *Dartmouth College Case.* By this reserved right the restraint of the federal Constitution is done away with. *But the power to make a new contract for the stockholders is not thereby given to the Legislature.* The Legislature may repeal the charter, but cannot force a stockholder into a contract against his will." The italics in the above quotation are the writer's. In the above quotation the author was speaking of such general reservation of power as that contained in the

[Avondale Land Co., et al. v. Shook, et al.]

Constitution of Alabama of 1875. We hold that the amendment attempted in this case is a material and fundamental change from the original plan, bringing in new fields of operation and involving greater hazard.

It follows from the foregoing that the power of amendment in the Constitution of 1875 does not give the Legislature this power to amend the charter of the Avondale Land Company in the manner and to the extent attempted by the majority stockholders, and therefore no such power could be given by the Legislature to a majority of the stockholders of said corporation; that section 3462 of the Code of 1907 can confer no greater authority to amend said charter than was reserved by the Constitution of 1875. Hence said section 3462 cannot confer the authority.

We are therefore of opinion that it does appear from the averments of the bill of complaint that the atttempt of respondents to amend said charter (as set forth in said bill of complaint) was beyond the power of a majority of the stockholders of said corporation when objected to by any stockholder.

The decree of the chancellor overruling the demurrer is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, MAYFIELD, and SAYRE, JJ., concur. ANDERSON and McCLELLAN, JJ., dissent.

ANDERSON, J. (dissenting.)—Alabama, like many other states, realizing the almost powerless condition in which they were placed, as to the right to control corporations, resulting from the influence of the well-known *Dartmouth College Case*, 4 Wheat. 518, 4 L. Ed. 629, sought protection by the reservation in the Constitution of the power to alter, amend, or revoke the charters of same, and which we think applies to all cor-

porations organized under the laws of this state sub-
sequent to the adoption of said provision or whose char-
ter was revocable at the time of the adoption of said
provision.

Section 10, art. 14, Consti. 1875, reads as follows:
"The General Assembly shall have the power to alter,
revoke, or amend any charter of incorporation now ex-
isting, and revocable at the ratification of the Consti-
tution, or any that may hereafter be created, whenever,
in their opinion, it may be injurious to the citizens of
the state; in such manner, however, that no injustice
shall be done to the corporators. No law hereafter en-
acted shall create, renew, or extend the charter of more
than one corporation." This section appears as section
238 of the Constitution of 1901, with the last sentence
omitted. It will be noted from the above quoted sec-
tion that the Legislature is given the authority to alter,
amend, or revoke, whenever, in its opinion, it may be
injurious to the citizens of the state, provided the
amendment, alteration, or revocation will work no in-
justice to the stockholders. The first condition is one
for legislative discretion and determination, as section
10 by its own terms leaves it to the opinion of the Leg-
islature. Therefore the enactment of a law on the sub-
ject will conclude the citizens as to the first condition.
The amendment, alteration, or revocation, however,
must work no injustice to the stockholders, and this is
a question for judicial consideration and determina-
tion. Section 10, art. 14, Const. 1875, was incidentally
discussed by the United States Supreme Court in the
case of *Bienville Co. v. Mobile,* 186 U. S. 212, 22 Sup.
Ct. 820, 46 L. Ed. 1132; and, while the court did not
undertake to construe said section, yet in the discuss-
sion of same the court rather approved the holdings by
several courts, with a constitutional provision similar
to ours, to the effect that the Legislature was to be the

judge as to whether or not the charter was injurious to the citizens or the state, but in exercising the authority to alter, amend, or revoke it must work no injustice to the stockholders.—*Lcep v. Railway Co.,* 58 Ark. 407, 25 S. W. 75, 23 L. R. A. 264, 41 Am. St. Rep. 109. This case was cited and approved in the case of *St. Louis R. R. Co. v. Paul,* 64 Ark. 83, 40 S. W. 705, 37 L. R. A. 504, 62 Am. St. Rep. 154, and which said last case went to the United States Supreme Court, and is reported in 173 U. S. 404, 19 Sup. Ct. 419, 43 L. Ed. 746; *Wagner v. Philadelphia,* 132 Pa. 612, 19 Atl. 297, 19 Am. St. Rep. 613; *Macon R. R. Co. v. Gibson,* 85 Ga. 1, 11 S. E. 442, 21 Am. St. Rep. 135. And our own court in the recent case of *South & North Railroad Co. v. Gray,* 160 Ala. 508, 49 South. 347, in considering section 3498 of the Code of 1907, and which has reference to the granting of charter powers, held that the things therein authorized were subject to the provision of section 238 of the Constitution of 1901, and that in the exercise of the authority given under the statute it must work no injustice to the stockholders. We therefore hold under the terms of section 10, art. 14, Const. 1875, that, whenever the Legislature passes a law providing for the amendment, alteration, or revocation of the charter of a corporation existing and revocable at the ratification of the Constitution or thereafter created, its action in so doing is conclusive on the state or citizens, but is not binding on the stockholders if they or any of them can show an injustice is being done them or any of them, and which said last question is one for judicial determination. Nor do I think that this constitutional provision applies only to public service corporations upon the theory that the citizens of the state can have no concern as to other corporations. I think it applies to all corporations chartered under

[Avondale Land Co., et al. v. Shook, et al.]

the laws of this state subsequent to the adoption of the Constitution or who may .have brought themselves within the influence of same under section 231 or 246 of the Constitution of 1901 (sections 3, 25, art. 14, Const. 1875). A state would indeed be helpless if it could not control all corporations chartered under its laws, and majority stockholders would be at the mercy of an obstinate minority, although the authorized action attempted by the majority might be beneficial to all the stockholders.

The Avondale Land Company was chartered subsequent to the Constitution of 1875, and its said charter was therefore subject to the state's right to alter, amend, or revoke, and section 3462 of the Code of 1907 applies to all corporations chartered under chapter 69 or under any general or special law of this state, unless, of course, otherwise specially provided for; and the proposed alteration or amendment of the charter in question is authorized by said section 3462, and, in the absence of averment of facts showing that the proposed amendment or alteration of the charter, will work an injustice to the stockholders of some of them, so much of the bill as proceeds upon this theory of the case, was defective and subject to the respondents' demurrer, and it is my opinion that the chancery court erred in not sustaining same. I cannot agree to the opinion of Justice Evans as to this feature of the case, and think that the decree of the chancery court should be reversed and one should be here rendered sustaining the demurrer to paragraph 4 of the bill of complaint.

McCLELLAN, J., concurs with the writer, and joins in this dissent.