Blachly, J.
This case was heard on general demurrers to the amended petition. The action was brought by the Superintendent of Banks of the state of Ohio'to enforce the double liability upon the stockholders of the Putnam County Banking Company, a corporation organized under the laws of Ohio, for the purpose of doing a banking business.
The amended petition shows that this corporation was organized on October 19, 1904, and continued to do a banking business from that time until July 22, 1914, when it was found to be insolvent, and was at that time closed by the Superintendent, of Banks of the state and its affairs placed in liquidation by such officer; that all of the stock in such bank was issued between December 1, 1904, and July 8, 1914, inclusive, except *202 five shares thereof, for which, in such amended petition, there is no date given.
The plaintiff is seeking, in the action to enforce such double liability on the holders of the stock, to pay only that indebtedness of the corporation which was incurred subsequent to January 1, 1913.
It was conceded by counsel on argument that all the stock in the bank was issued between the date of its organization and such date, January 1, 1913, and that the stock issued on July 3, 1914, was a reissue of stock that had been issued between the above dates.
The only question raised on this demurrer, and argued to the court by counsel was, can the double liability now provided for by Section 3 of Article XIII of the Constitution of the state, which became effective November 15, 1912, be enforced against the holders of stock issued and sold during the interim when the Constitution of the state exempted stockholders from such double liability.
It is said by counsel in this case that a stock subscription constitutes a contract between the stockholder, the corporation and the creditors of the latter. The question then, and only question raised on this demurrer is, will the enforcement of the double liability, under the amendment to the Constitution which became effective November 15, 1912, operate to impair the obligation of the contract of the stockholders of this corporation within the inhibition of the federal Constitution.
It would appear at first view of the case cited by counsel for the demurrer (Ireland v. Palestine, etc., Turnpike Company, 19 Ohio State, 369) that this question was finally settled by the Supreme Court of the state, and that this demurrer must be sustained, but on careful reading of this' case, in the light of the provisions of the Constitution and legislative acts in effect at the time of the incorporation of the Turnpike Company, and the time when the double liability was sought to be enforced, it would seem that the Supreme Court did not consider one of the vital questions entering into the case at bar, that is, *203 that while the Constitution of the state of Ohio, at the time of the incorporation of the Putnam County Banking Company provided that there should be no double liability on the holders of stock in a corporation, there was a further provision in the Constitution (Section 2, Article XIII) providing that “corporations may be formed under general laws, but all such laws may from time to time Toe altered' or repealed.”
This brings us to the effect, if any, this provision of the Constitution has on the contract conceded to exist between the stockholder, the corporation in this ease, and the creditors of the latter, which question does not seem to have been presented to or considered by the Supreme Court in the case of Ireland v. Turnpike Company, supra.
This question has been passed upon by the courts in a number of foreign jurisdictions, including the Supreme Court of the United States.
The latter court, in the case of Looker v. Maynard, 179 U. S., 46, passed directly upon this question, and holds:
“A power reserved by the constitution of a state to its Legislature, to alter, amend or repeal future acts of incorporation, authorizes the Legislature, in order 'to secure the minority of stockholders, in corporations organized under general laws, the power of electing a representative membership in boards of directors’, to* permit each stockholder to cumulate his votes upon any one or more candidates for directors.”
Chief Justice Gray, in rendering the opinion of the court in this case, after discussing the case of Dartmouth College v. Woodward, 4 Wheat., 518, says:
“After that decision, many a state of the Union, in order to secure to its Legislature the exercise of a fuller parliamentary or legislative power over corporations than would otherwise exist, inserted, either in its statutes or in its constitution, a provision that charters thenceforth granted should be subject to alteration, amendment or repeal at the pleasure of the Legislature. See Greenwood v. Freight Co., 105 U. S., 13, 20, 21. The effect of such a provision, whether contained in an original act of incorporation, or in a constitution or general law sub *204 ject to which a charter is accepted, is, at the least, to reserve to the Legislature the power to make any alteration or amendment of a. charter subject to it, which will not defeat or substantially impair the object of the grant, or any right vested under the grant, and which the Legislature may deem necessary to carry into effect the purpose of the grant, or to protect the rights of the public or of the corporation, its stockholders or creditors, or to promote the' due administration of its affairs.”
The court, illustrating the principle of law, refers with approval. to the case of Sherman v. Smith, 1 Black, 587, where it was held that the Legislature had the right, exercising such a reserved power, to alter for the future the liability of stockholders to creditors of the corporation.
The court further says in this case:
“Remembering that the Dartmouth College case (which was the cause of the general introduction into the legislation of the several states of a provision reserving the power to alter, amend or repeal acts of incorporation), concerned the right of a Legislature to make a change in the number and mode of appointment of the trustees or managers of a corporation, we can not assent to the theory that an express reservation of the general power does not secure to the Legislature the right to exercise it in this respect.”
One of the leading cases on this question, if not the leading case, is found in 21 New York, at page 9. In this case it is held :•
“The provision of the general banking law reserving to the Legislature the power to alter or repeal it, forms a part of the contract with every association formed under that act, and the state may modify it, prospectively or retrospectively, without infringing the provision of the federal Constitution against laws impairing the validity of contracts. # * * 8uch modification may be made, it seems, as well by a change of the state Constitution as by an act of the Legislature.”
Judge Denio in this case, at page 15, says:
*205 “The question before us is, therefore, narrowed to a consideration of the effect of the provision in thé general banking law by which the right is in terms reserved to the Legislature to alter or repeal it at any time. This, according to one view, is the reservation of a right only to change or repeal it, prospectively, . from the passage of the modifying or repealing law, so that the associations which had been organized in the meantime would remain unaffected by such modification or repeal. On the other hand, it is insisted that it enabled the Legislature to deal with the associations as though they were directly established by a statute containing in itself the usual reservation. I am of the opinion that the latter is the correct view. By the revised statutes, the charter of every corporation thereafter to be granted by the Legislature, was declared to be subject to alteration, suspension or repeal, in the discretion of the Legislature. This provision in eorporated itself into and became part of every special charter which was itself silent as to the power of repeal or change.”
Following the reasoning in this case it would seem that the provision of Section 2, Article XIII of the Constitution of this state would be incorporated in and become a part of the articles of incorporation of the defendant banking company in this case.
In the case of Bissell v. Heath, 57 Northwestern, 585, the Supreme Court of Michigan established the rule in that state that such reservation in the Constitution applies to existing corporations.
In the 5th paragraph of the syllabus of that ease it is said:
“Under the power reserved to the Legislature by Const. Art. 15, paragraph 1, of amending, altering, or repealing all laws relating to the formation of corporations, the Legislature may impose on stockholders of existing corporations a liability to creditors in double the amount of their stock, and such legislation is not invalid as impairing a pre-existing contract between the stockholders and the corporation.”
In the case of McGowan v. Donald, 43 Pacific, 418, a California case, it is held:
*206 “Constitution 1849, Article 4, paragraph 31, provided that ‘corporations may be formed under general laws, but shall not be created by special act except for municipal purposes. All general laws and special acts passed pursuant to this section may be altered from time to time or repealed.’ Held, that thereunder liability of stockholders may be so changed as to impose obligations for which they were not liable when they became stockholders. ’ ’
The court, at page 420 says:
“And while the liability of the stockholder was a constituent element in the life of the corporation, and necessary to its existence, it was still only a burden imposed on the stockholder, and had' otherwise nothing to do with the formation or existence of the corporation. * * # It is objected, however, that, if the provisions of the code and constitution are applicable, they impose obligations upon appellants for which they were not liable when they became stockholders, and are in conflict with that provision of the Constitution of the United States which inhibits- the states from passing laws impairing' the obligation of contracts, and are therefore as to them unconstitutional and of no effect. The answer to this objection is that the constitution of 1849 provided: ‘ Corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes. All general laws and special acts passed pursuant to this section may be altered from time to time, or repealed.’ Article 4, paragraph 31. Under the authority thus ■conferred, both the Legislature and the people had power to change the law in regard to the liability of stockholders, without violating any provision of the Constitution of the United States. ’ ’
The Supreme Court of the state of Kentucky, in discussing this proposition in the ease of Bogard v. Tyler’s Adm’r, 55 Southwestern, 708, says:
“The stockholders formed.the corporation on the conditions held out by the laws of the state. One of these conditions was that the act under which they were created might be amended or altered by the Legislature at pleasure, as it might deem necessary. The Legislature might, in the first place, have provided that the stockholders should be liable for the corporate *207 debts; and when it provided that they should not be so liable, but reserved the right to alter or amend the law, or to repeal any grant or franchise obtained under it, those who had acted under the statute with full notice of these facts can not complain that any constitutional right of theirs is violated by the alteration of the law.”
The reasoning in that case would seem to apply to the ease at bar. The stockholders formed this corporation on the conditions set forth in the Constitution of the state. While it provided there should be no double liability on the stockholders, yet the Constitution also provided that all laws under which corporations were formed might, from time to time, be altered or repealed. If the rule laid down by the Kentucky court is applicable to the Legislature it would appear that the same rule would be applicable to the people of the state in the adoption of the Constitution.
The Constitution of Ohio, at the time of the formation of the Putnam County Banking Company, provided for the passing of laws altering or repealing the laws under which corporations are created, and we think the people of this state had the right to change the fundamental law under which this corporation was created without violating any right under the federal Constitution.
Thompson on Corporations, Section 405, - and Cook on Stock and Stockholders and Corporations, at page 501, state the rule of law to be as laid down by the various courts above referred to.
Reading the case of Ireland v. The Palestine, etc., Turnpike Company, heretofore referred to, and reported in the 19 Ohic State, we find that the corporation, the Turnpike Company, was organized under a law passed by the Legislature in 1849, ■when the Constitution of 1802 was in effect. Neither that Constitution nor the law under which this corporation was organized imposed any individual liability upon the stockholders beyond the amount of their subscriptions, or made any provision for the altering or repealing of the laws that were in force at the time of the formation of the corporation.
*208 This being the case we think that the case of Ireland v. Turnpike Company, can be reconciled with the holdings of the courts in the various jurisdictions heretofore referred to, and that the court did not consider the question that has arisen in this case, formulating its opinion on the Constitution and laws as they stood at the time of the formation of that corporation.
In the case of Bissell v. Heath, supra, the Supreme Court of Michigan, referring to the case of Ireland v. Turnpike Company, says:
“The case of Ireland v. Turnpike Company, 19 Ohio State, 369, is cited by counsel as asserting a contrary doctrine. We do not find, from an examination of that case, that the effect of a reservation of the power to alter, amend, or repeal a charter was considered.”
Taking this view of the law in this case we conclude that the demurrers to the amended petition should be overruled. Each of the demurrers filed in this case to the amended petition will be overruled, with exceptions to the various defendants.