**WOOD et al. v. SALT RIVER VALLEY WATER USERS' ASS'N, Inc. ***

No. 5961.

Circuit Court of Appeals, Ninth Circuit.
March 17, 1930.

*Rehearing denied May 26, 1930.

John W. Ray, of Phœnix, Ariz., for appellants.

Walter Bennett, J. L. Gust, F. O. Smith, and F. W. Rosenfeld, all of Phœnix, Ariz., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

This is an action by minority stockholders who are the appellants against the Salt River Valley Water Users' Association, appellee, a corporation organized in 1903 under the laws of the Territory of Arizona. The minority stockholders seek an injunction against a proposed issuance of bonds to the amount of $5,100,000, and a decree declaring indebtedness in excess of that authorized by the original articles of incorporation to be void and to enjoin enforcement of such obligations. Appellant's contention is that the proposed bond issue and all previous is-

sues in excess of $2,500,000 were in violation of the charter of the corporation which limited the extent of its indebtedness to two-thirds of its capital stock. This provision of the charter was inserted in compliance with the law of the territory of Arizona which contained similar provision. The laws of the territory in force at the time of the incorporation of the appellee contain no reservation of power to alter or amend charters of corporations granted by the territory. Claim is made that any attempt to exceed the maximum amount of indebtedness permitted by the charter and by the laws of Arizona at the time of its incorporation impairs the obligation of a contract, and is therefore a violation of article 1, § 10, of the Constitution of the United States. This question has been twice passed upon by the Supreme Court of the state of Arizona. With reference to this particular corporation, the facts are so fully stated therein that we will only state the facts generally and refer to the opinion of the Supreme Court of Arizona for a more complete statement of the details.

In Orme v. Salt River Valley Water Users' Ass'n, decided by the Supreme Court of Arizona July 21, 1923, 25 Ariz. 324, 217 P. 935, and in Citrus Growers' Development Ass'n v. Salt River Valley Water Users' Ass'n, decided June 25, 1928, 268 P. 773 (to which case reference is made for a more complete statement of the facts), it was decided that increase of indebtedness beyond the amount specified in the original articles of incorporation did not impair the obligation of the contract of the minority stockholders who opposed the incurring of the additional indebtedness. It is because of this adverse decision that the appellants brought this case in the United States District Court. The articles of incorporation expressly authorize the amendment thereof by the stockholders in the manner therein specified. The articles of incorporation also expressly provided that the association thereby formed might "accept and avail itself of or subject itself to the provisions of any law or laws enacted or that may be enacted by Congress or by the legislative assembly of the territory or the state, when it becomes a state, of Arizona, relative to corporations which may be applicable to corporations organized for like purposes as this association. Such acceptance or subjection shall be valid when ratified by at least two-thirds of the votes cast at any annual election, or at any special election called for the ratification thereof." The charter also provided that the

corporation thereby formed should endure for the term of twenty-five years. The period fixed for the life of a corporation has expired. In 1912 the territory of Arizona became a state under a Constitution expressly providing that all corporate charters were subject to amendment. Const. of Arizona, art. 14, § 2.

The laws of Arizona have been amended to permit an increase of corporate indebtedness beyond the two-thirds limit, after appropriate corporate action, and laws were enacted permitting the extension of corporate life of a corporation upon the application of the corporate authorities. By amendment to its articles of incorporation and by-laws, adopted in accordance with the provisions of the original articles and conforming to the statutes of Arizona, the indebtedness heretofore incurred and that contemplated by the bond issue at the time the bill in equity was filed herein, and, since accomplished by the selling of the bonds, has been fully authorized by much larger majority of stockholders than required by the articles of incorporation and by-laws and by the statutes of the state. Appellants, however, have opposed the extension of this bonded indebtedness with the exception of the obligation to the government of the United States in connection with the taking over of the water and power conserved and developed by the Roosevelt dam. The sole question presented by the appellants is as to whether or not their contract with the other stockholders with the corporation and with the state has been impaired by the increase of the bonded indebtedness, already incurred and proposed.

In so far as the contract between the stockholders, evidenced by its articles of incorporation, is concerned, those articles expressly provided for their amendment and fixed the method of amendment which has been complied with. It is not contended that the proposed bond issue is for any purpose not contemplated by the original articles of incorporation or departs from the main purpose of the corporation, which was to provide water and power for the stockholders who were also by the articles of incorporation required to be landholders within the area served by the water and power owned by the company. In view of the fact that the articles of incorporation expressly permitted the amendment thereof, and the further fact that it expressly authorized the proposed corporation to accept legislation of the territory or state thereafter to be enacted, in so far as the stockholders entered into a contract with each other, it was

that the corporation could accept any increase of authority authorized by the territory or state; so that, when the state removed the limitation as to the amount of indebtedness which could be incurred by a corporation (a provision imposed for the benefit of the public as well as a corporation), the charter expressly authorized the corporation to take advantage of this increased power by amending its articles of incorporation. This was done. There is no contention here that the state imposed its will upon the corporation regardless of the desires of the stockholders of the corporation. The fact is that the legislation was entirely permissive, and that the corporation accepted and acted upon this permission. The Dartmouth College Case (Dartmouth College v. Woodward, 4 Wheat. 518, 4 L. Ed. 629) is strongly relied upon by the appellant, but the situation here is entirely different. The Legislature is not seeking in any way to dominate the affairs of the appellee corporation, and the question of the power of the state to change the charter of the corporation by an act hostile to the wishes of the corporation, its stockholders or members, is not involved. If the legislation under which the corporation was formed has not been amended, of course the corporation could not have increased its indebtedness beyond the limit imposed thereon by the legislature, and, when that limit was changed by the Legislature, there was nothing in the contract between the stockholders of the corporation evidenced by their articles of incorporation which prohibited them from acting under the amended law and accepting the benefits thereof. The minority stockholders of the corporation were bound by the action of the majority thereof taken in accordance with the terms of the charter. We are thoroughly in accord with the above-cited opinions of the Supreme Court of Arizona upon this subject.

We conclude that the complaint of the appellants that their charter is violated by the proposed increase of indebtedness is not well founded.

Appellants also seek in their bill to invalidate the resolution of the board of directors of the corporation passed in connection with the issuance of these bonds, declaring them to constitute a lien upon the land of the stockholders, and levying or fixing an assessment thereon to pay the bonds when they mature. This resolution is expressly authorized by an amendment to the articles of incorporation adopted in 1923. But the amendment is assailed, for the reason that it is alleged to violate the contract between the stockholders evidenced by the articles of incorporation, which provided that the individual property of the stockholders shall be exempt from liability for the corporate indebtedness of the association. The original articles, however, expressly authorized assessments upon the land of the individual landowners and water users to pay certain charges therein specified, among others, "assessments for the constructing or acquiring, or for the betterment, improvement * * * or increasing, or more efficiently or economically distributing the water supplies available * * * may be equally assessed against all the stockholders in proportion to the number of shares owned by them respectively." Article XIII, § 4. Section 6 of the same article declares the assessments so made to be a lien on the lands, etc., and that "the manner of fixing the lien and enforcing the same shall be prescribed in the by-laws." The articles of incorporation, as above stated, authorized their amendment. The above amendment was expressly authorized, and, as amended, it authorizes the order levying the assessment. The general provision of the articles of incorporation exempting the property of the stockholder from liability was modified by the above-mentioned provisions expressly authorizing assessments on the land and corporate stock of the water user for the purposes therein stated. The bond issue is within those purposes. The amendment to the articles of incorporation made in 1923 does not increase the nature of the obligation of the water user, nor of his property as originally provided, but does make specific the power to levy an assessment in advance for the whole bond issue, and more definitely declares the power of the association in that regard. In view of the original articles of incorporation and the amendments thereto concerning assessments adopted in compliance therewith, there was no violation of the contract rights of the stockholder either by the bond issue or by the assessment therefor. See Orme v. Salt River Valley Water Users' Ass'n, supra, page 349 of 25 Ariz., 217 P. 935.

Decree affirmed.

Judge RUDKIN sat in the hearing of this case, but does not participate in the decision.