37519. BAUGH v. CITIZENS & SOUTHERN NATIONAL BANK et al.

CLARKE, Justice.

The question to be answered here is whether a shareholder of a banking corporation may elect to dissent to the reorganization of the corporation and subsequently sue to enjoin the resulting merger, to have the merger set aside, and for damages.

The trial court in this case dismissed the shareholder's action holding that once a shareholder elects to dissent to the reorganization, his remedy is limited to the right to be paid the fair value for his shares. Code Ann. §§ 41A-2408, 22-1202. The trial court also held that these code sections do not retroactively impair the rights of the shareholders so as to be unconstitutional. We affirm.

---

1. The two code sections involved speak clearly. Section 41A-2408 (a) specifies that the rights and remedies of a dissenting shareholder to a plan or proposed merger or consolidation of a bank or trust company are the same as those established for dissenting shareholders under the provisions of § 22-1202. Turning to § 22-1202 (d), we find: "Upon filing a notice of election to dissent, the shareholder shall cease to have any of the rights of a shareholder except the right to be paid the fair value of his shares and any other rights under this section." Section 22-1202 (j) mandates: "The enforcement by a shareholder of his right to receive payment for his shares in the manner provided in this section shall exclude the enforcement by such shareholder of any other right to which he might otherwise be entitled by virtue of share ownership, except as provided in subsection (d) of this section, and except where the corporation by fraud has induced the shareholder to enforce his dissenter's rights."

In this case, the shareholder elected to proceed as a dissenting shareholder and took no steps to withdraw his election but insists that his dissent was conditional. The two code sections involved make no provision for conditional dissent; therefore, this argument is not persuasive to us.

The shareholder also argues that the code sections do not deprive him of the right to proceed in a suit based on common-law fraud. However, the portion of § 22-1202 (j) dealing with the survival of an action when fraud is involved explicitly limits this to instances ". . . where the corporation by fraud has induced the shareholder to enforce his dissenter's rights." In his complaint, the shareholder made no allegation that his dissent was induced by any fraud.

2. Code Ann. §§ 41A-2401, et seq., deal with merger and consolidation of state banks. Shareholder argues that the application of these sections to his suit violates the U. S. and Georgia Constitutions because of retrospectivity. He contends that since the corporation predated the code provisions, application of the code sections to this transaction would impair the vested contractual obligations between the bank and its shareholders. The trial court properly disagreed with this argument.

Code Ann. § 79-101 declares that except to the extent the law forbids it, corporations are subject to being changed, modified or destroyed by their creator. The legislature has also declared that in all cases of private corporate charters granted since January 1, 1863, the state reserves the right to withdraw the franchise unless this right is expressly negated in the charter. Code Ann. § 22-5102.

The court faced a situation similar to the one before us in the case of *Barnett v. D. O. Martin Co.,* 191 Ga. 11 (11 SE2d 210) (1940).

In that case, a statute had authorized certain corporations created before its passage to merge or consolidate. When a shareholder challenged the constitutionality of the statute, the court noted that under the holding of the United States Supreme Court in Dartmouth College v. Woodward, 4 Wheat. 518, a charter is a contract within the obligation clause of the United States Constitution. After the United States Supreme Court made this holding, states adopted the practice of reserving in corporate charters the right to repeal, alter or amend the charters. The question in *Barnett v. D. O. Martin Co.,* supra, was whether the reservation in the Georgia statute (which was a predecessor of § 22-5102) was sufficient to justify legislative authorization of a merger without unanimous consent of the shareholders. In holding that the authorization was constitutional, the court said: "[W]here the reserved power existed at the time of their creation, the General Assembly may authorize pre-existing corporations to merge or consolidate upon the affirmative vote of less than all the stockholders." Id. at 20.

The shareholder relies upon *Interstate Building &c. Assn. v. Wooten,* 113 Ga. 247 (38 SE 738) (1901), but his reliance is misplaced. In both *Barnett v. D. O. Martin Co.,* supra, and the case now under consideration, we are concerned with the power of the state to legislate the procedure for merger and consolidation of corporations. In *Interstate Building &c. Assn.,* the court dealt with a reservation of power by a corporation in such a way as to impair the vested rights of shareholders. That reservation was not by statute but was simply a provision in the corporate charter. There is a substantial difference between a corporation's attempting to reserve the right to impair the vested rights of its shareholders through altering or amending its internal structure and the retention by the state of power to modify or withdraw charters granted to corporations created by the state. In *Interstate Building &c. Assn.,* the alleged impairment concerned a private agreement between one shareholder and the corporation. This case is similar to the situation in *Barnett* where the alleged impairment involved an implied agreement between the corporation and all of its shareholders subject to modification by statute under the state's reserved power. For this reason, the statutes involved do not offend the constitutional prohibition against retroactivity.

*Judgment affirmed. Jordan, C. J., Hill, P. J., Marshall, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 8, 1981 —
REHEARING DENIED SEPTEMBER 23, 1981.

*Dickens, Mangum, Burns & Moore, G. L. Dickens, Jr., Joel D. Burns,* for appellant.

*Alston, Miller & Gaines, Daniel B. Hodgson, G. Conley Ingram, Ben F. Johnson III, J. Scott Jacobson, Kilpatrick & Cody, William B. Gunter, Richard R. Cheatham,* for appellees.