D. J. GAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. C. GAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

L. H. WILLIAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. E. BEASLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 58787–9, 60061. Promulgated November 14, 1934.

*John J. Finnorn, Esq.*, for the petitioners.
*Frank B. Schlosser, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined a liability of each petitioner, as transferee of the assets of the Louisiana Naval Stores, Inc., for a deficiency of $11,273.72 of that corporation in income and profits tax for 1920. Petitioners, who are all the former shareholders, urge that the statute of limitations barred the determination as to the corporation, and contest the effectiveness of an alleged waiver of the corporation brought forward by respondent.

The corporation filed its return for 1920 on March 15, 1921, and without an effective waiver the deficiency lapsed after March 15, 1926. Sec. 277 (a) (2), Revenue Act of 1924, and sec. 277 (a) (3), Revenue Act of 1926. In the meantime, on August 31, 1921, after it had transferred its assets to the Gay-Hamill Co. in exchange for the issuance by Gay-Hamill of its shares to these petitioners as its shareholders, the corporation filed its consent to dissolution under Louisiana Laws 1914, Act 267, sec. 28. Whether a certificate

of dissolution was actually issued by the secretary of state, as it apparently should have been, does not appear. There was at that time no intimation of unpaid debts, unrealized claims, or outstanding taxes, and no liquidators were elected by the former shareholders. There was, therefore, at that time no one authorized to act for the corporation. On January 22, 1926, D. J. Gay signed, as president of the corporation, the alleged waiver purporting to extend the assessment period to December 31, 1926. But, so far as the record shows, he was not president, since the corporation was dissolved, and was not a liquidator or otherwise authorized to speak for the former corporation. The alleged waiver must, therefore, upon this record, be held ineffective to extend the period; since the doubts as to its effectiveness must be resolved against the respondent. *Farmers Feed Co.*, 10 B. T. A. 1069; *Bonwit Teller & Co.*, 10 B. T. A. 1300; *Carnation Milk Products Co.*, 15 B. T. A. 556; *Southwestern Investment Co.*, 19 B. T. A. 30.

The Commissioner, on May 14, 1926, determined the deficiency and sent a notice of deficiency directly to the corporation. Gay filed a petition with the Board, as president. In 1929 Williams was appointed liquidator, and he intervened and the Board dismissed the proceeding for want of jurisdiction because Gay appeared to be without authority to file the petition. *Louisiana Naval Stores, Inc.*, 18 B. T. A. 533. While this is not *res judicata* as to the merits of the transferor's tax liability, *Wayne Body Corporation*, 22 B. T. A. 401; *Stanley Co. of America*, 26 B. T. A. 705, or as to Gay's authority to sign a binding waiver in January 1926, there is no more evidence in the record of his authority to sign a waiver in January 1926, than there was in that record of his authority to verify and file a petition in July 1926.

We hold, therefore, upon the merits, that the statutory period of limitations applicable to the transferor corporation expired on March 15, 1926, before the deficiency was determined or assessed; that there was no effective extension in writing of such period; and that none of the petitioners is liable as a transferee for any deficiency of Louisiana Naval Stores, Inc., for income or profits tax for 1920. *Sanborn Brothers, Successors, etc.*, 14 B. T. A. 1059; *S. Hirsch Distilling Co.*, 14 B. T. A. 1073; *Consolidated Companies, Inc.*, 15 B. T. A. 645; *Iberville Wholesale Grocery Co., Ltd.*, 17 B. T. A. 235; *Southwestern Investment Co.*, 19 B. T. A. 30; *First Bond & Mortgage Co.*, 21 B. T. A. 1; *Herbert Brush Mfg. Co.*, 22 B. T. A. 646.

Reviewed by the Board.

*Judgment will be entered for the petitioners.*

McMAHON concurs in the result.

SEAWELL and ADAMS dissent.

582

LEECH, dissenting: Apparently, upon the pleadings, respondent had the burden of proving an effective waiver to defeat petitioners' plea of the statute of limitations. *Farmers Feed Co.*, 10 B. T. A. 1069; *Bonwit Teller & Co.*, 10 B. T. A. 1300. In my opinion this burden was sustained by their introduction in evidence of the paper, regular on its face and purporting to be a valid waiver. Petitioners, thereupon, had the burden of establishing the invalidity of that purported waiver. Whether this burden was sustained depends entirely upon the proof of the fact of dissolution of Louisiana Naval Stores, Inc., before the execution of the alleged waiver. It may well be that the statutory publication of notice of dissolution was merely administrative and not essential to dissolution, as was held by this Board in *Southwestern Investment Co.*, 19 B. T. A. 30, but I cannot agree with the similar conclusion reached there as to the certificate of dissolution.

That certificate, absent in the present record, was the only means by which the State of Louisiana could consent to the dissolution. Act No. 267 of the General Assembly of the State of Louisiana, 1914, sec. 28. Cf. *Ellett* v. *Morefield*, 159 La. 295; 105 So. 348.

Since the charter of a corporation is, in a sense, a contract between the corporation and the state, this contract cannot be terminated any more than any other contract, by one of the parties thereto, without the consent of the other. *Trustees of Dartmouth College* v. *Woodward*, 17 U. S. 517; *Fletcher Cyc. Corps.*, vol. 8, sec. 5449, and cases cited therein.

Petitioners, having failed to show consent to such dissolution by a certificate or otherwise, did not sustain their burden of proof of the invalidity of the purported waiver, and its validity follows on this record. Cf. *Carnation Milk Products Co.*, 15 B. T. A. 556.

Accordingly, I dissent.

SMITH agrees with this dissent.

*John J. Finnorn, Esq.*, for the petitioner.
*DeWitt M. Evans, Esq.*, for the respondent.